UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAWRENCE,<br><br>             Plaintiff,<br><br>      v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>             Defendants. | Case No.   1:21-cv-01224-DAD-EPG<br><br>ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF<br><br>(ECF No. 18) |

Before the Court is Timothy McFarlin of McFarlin LLP's motion to withdraw as counsel of record for Plaintiff Robert Lawrence ("Plaintiff"). (ECF No. 18.) For the following reasons, the Court will grant the motion.

**I.    BACKGROUND**

Defendant Wells Fargo Bank, N.A. ("Defendant") removed this case from Tulare County Superior Court on August 12, 2021. (ECF No. 1.) On August 19, 2021, Defendant filed a motion to dismiss, which is currently pending before District Judge Dale A. Drozd. (ECF No. 5.)

On April 18, 2022, Plaintiff's counsel filed the underlying motion to withdraw as counsel of record for Plaintiff. (ECF No. 18.) Plaintiff's counsel submitted a proof of service indicating Plaintiff with a copy of the motion by overnight mail. (ECF No. 18-3.) According to the motion, Plaintiff's counsel also informed Plaintiff of the motion via email and overnight mail before it was filed. (ECF No. 18 at 5.)

1

Defendant filed a statement of non-opposition to the motion on April 18, 2022. (ECF No. 19.) On April 19, 2022, District Judge Drozd referred the motion to the undersigned. (ECF No. 20.) On April 21, 2022, the Court entered an order continuing the hearing on the motion to June 10, 2022, and directing the Clerk of Court to serve a copy of the order on Plaintiff by U.S. mail. (ECF No. 21.)

On June 10, 2022, the Court held a hearing on the motion to withdraw. (ECF No. 22.) Plaintiff's counsel Timothy McFarlin and Defendants' counsel Michael Rapkine appeared telephonically. (*Id.*) Plaintiff did not appear at the hearing, file an opposition, or otherwise respond to the motion.

## II. LEGAL STANDARDS

Local Rule 182 provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court. E.D. Cal. L.R. 182(d). "Withdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California." *Id.* Under those rules, permissive withdrawal of an attorney is allowed when, among other things, a client "by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule of Professional Conduct 1.16(b)(4).

Courts maintain the discretion to grant or deny a motion to withdraw as counsel. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In considering such a motion, courts may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Local Rule 182(d).

## III. DISCUSSION

According to the motion, Plaintiff's counsel seeks to withdraw as counsel of record for Plaintiff due to Plaintiff's lack of communication and irreconcilable differences between Plaintiff and counsel regarding the case. (ECF No. 18 at 3.) Specifically, "Plaintiff's lack of

communication and cooperation regarding specific instructions has become a detriment to the prosecution of Plaintiff's claims." (*Id.* at 5.) At the hearing, Mr. McFarlin confirmed that he has been unable to communicate with Plaintiff.

Here, good cause exists to grant the motion to withdraw as counsel of record. Plaintiff's counsel has established that he has been unable to effectively communicate with Plaintiff and there has been a breakdown of the attorney-client relationship. Plaintiff's counsel cannot proceed with the case under the present circumstances. Further, Plaintiff did not appear at the hearing on the motion to withdraw or otherwise object to the withdrawal of his counsel despite having been served with the motion and the Court's order continuing the hearing on the motion. Additionally, given the procedural posture of this case, withdrawal will not result in prejudice to the other litigants, nor will it cause harm to the administration of justice and/or unduly delay the resolution of the case.

If Plaintiff proceeds with the case,[1] he is advised that he is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number pursuant to Local Rules 182(f) and 183(b).

**IV. ORDER**

Accordingly, IT IS ORDERED as follows:

1. The motion to withdraw as counsel of record for Plaintiff Robert Lawrence (ECF No. 19) is granted and Timothy McFarlin of McFarlin LLP is relieved as counsel of record for Plaintiff Robert Lawrence;

2. The Clerk of Court is directed to terminate Mr. McFarlin from the docket as counsel of record for Plaintiff, substitute Robert Lawrence *pro se,* and update the docket with Plaintiff's contact information:

Robert Lawrence
935 E. Laurel Ave.
Porterville, CA 93257

---

[1] As Plaintiff did not appear at the hearing on the motion, the Court will issue a separate order requiring Plaintiff to respond in writing regarding whether he intends to proceed with this case.

3. The Clerk of Court is further directed to serve Plaintiff with a copy of this order.

IT IS SO ORDERED.

Dated: **June 10, 2022**                    /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE