UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAWRENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br><br>    Defendants. | Case No.  1:21-cv-01224-JLT-EPG<br><br>ORDER DIRECTING TIMOTHY G. MCFARLIN TO PROVIDE PLAINTIFF'S CASE FILES TO PLAINTIFF |

    This case arises from a dispute between Plaintiff Robert Lawrence and Defendant Wells Fargo Bank, N.A. regarding a loan Plaintiff obtained from Defendant and the subsequent foreclosure of the subject property after Plaintiff defaulted on the loan. (*See e.g.*, ECF No. 1).

    On June 13, 2022, the Court granted the motion of Plaintiff's counsel, Timothy G. McFarlin, to withdraw as counsel of record for Plaintiff. (ECF No. 23). On August 3, 2022, the case was dismissed without prejudice due to Plaintiff's failure to prosecute and failure to obey a court order. (ECF No. 26). On December 15, 2022, Plaintiff filed a motion to vacate judgment. (ECF No. 29). The undersigned has prepared findings and recommendation to the assigned district judge recommending that Plaintiff's motion to vacate judgment be granted.

    The Court writes now because Plaintiff's briefing filed in support of the motion to vacate judgment indicates that Plaintiff requested his case file and billing information from McFarlin LLP. (ECF No. 29, p. 10; ECF No. 32, p. 4). However, Mr. McFarlin has not responded to

1

Plaintiff's requests.

Under the California Rules of Professional Conduct, Plaintiff is entitled to these documents. Further, the Local Rules require attorneys practicing in the Eastern District of California to comply with all standards and rules for professional conduct as required by membership in the State Bar of California.

Thus, as discussed below, the Court will direct Mr. McFarlin to provide Plaintiff with Plaintiff's case file and client documents as required by the Local Rules and Rules of Professional Conduct, to the extent he has not already done so.

## II.   DISCUSSION AND ORDER

Permissive withdrawal as attorney of record is governed by Local Rule 182, which provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R.182(d). Rule of Professional Conduct 1.16(b)(9) provides that an attorney may request permission to withdraw where "a continuation of the representation is likely to result in a violation of these rules of the State Bar Act." Rule 1.16(e) further provides:

> (e) Upon the termination of a representation for any reason:
>
> (1) subject to any applicable protective order, non-disclosure agreement, statute or regulation, the lawyer promptly shall release to the client, at the request of the client, all client materials and property. "Client materials and property" includes correspondence, pleadings, deposition transcripts, experts' reports and other writings, exhibits, and physical evidence, whether in tangible, electronic or other form, and other items reasonably necessary to the client's representation, whether the client has paid for them or not; and
>
> (2) the lawyer promptly shall refund any part of a fee or expense paid in advance that the lawyer has not earned or incurred. This provision is not applicable to a true retainer fee paid solely for the purpose of ensuring the availability of the lawyer for the matter.

RPC 1.16(e).

     Here, Mr. McFarlin was granted permission to withdraw as attorney of record for Plaintiff. (ECF No. 23). Under Rule of Professional Conduct 1.16(e), Mr. McFarlin was required to provide Plaintiff "all client materials and property" to Plaintiff upon Plaintiff's request. However, it appears that Mr. McFarlin may not have completed this requirement.

     Accordingly, IT IS HEREBY ORDERED that:

1. Attorney Timothy G. McFarlin shall provide Plaintiff Robert Lawrence with all client materials and property as required by Rule of Professional Conduct 1.16(e);
2. **The Clerk of Court is directed to mail a copy of this order to Timothy G. McFarlin at the following address: McFarlin LLP, 4 Park Plz Ste 1025, Irvine, CA 92614-2576.**

IT IS SO ORDERED.

Dated:   **March 30, 2023**            /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE