UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAWRENCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br><br>　　　　　Defendants. | Case No.  1:21-cv-01224-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION TO VACATE JUDGMENT BE GRANTED<br><br>(ECF No. 29).<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S REQUESTS FOR MISCELLANEOUS RELIEF |

Before the Court is Plaintiff Robert Lawrence's motion to vacate judgment. (ECF No. 29). Defendant Wells Fargo Bank, N.A. opposes.[1] (ECF No. 31). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(21). The undersigned finds the motion suitable for submission without a hearing pursuant to Local Rule 230(g).

For the following reasons, the Court will recommend that Plaintiff's motion be granted.[2]

**I.   BACKGROUND**

This case concerns a home loan Plaintiff obtained from Defendant in 2003. (*See e.g.*, ECF

---

[1] Defendant First American Title Insurance Co. filed a Declaration of Non-Monetary Status in state court before this case was removed by Defendant Wells Fargo. (*See* ECF No. 1, p. 117-120).

[2] "[S]ection 636(b)(1)(A) does not authorize a magistrate judge to enter a post-judgment order." *Estate of Conners*, 6 F.3d 656, 659 (9th Cir. 1993).

1

No. 1, p. 11-24). Defendant commenced non-judicial foreclosure proceedings on the property after Plaintiff defaulted on his mortgage in 2018. (*Id.*) Defendant subsequently purchased the property at foreclosure. (*Id.*) Plaintiff's complaint generally alleges that Defendant's dealings with Plaintiff at the time Plaintiff defaulted were improper. (*Id.*)

On August 12, 2021, Defendant removed this action from Tulare County Superior Court. (ECF No. 1). Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 19, 2021. (ECF No. 5). After briefing (ECF Nos. 10 & 11), the motion was submitted. (*See* ECF No. 16, p. 1).

On April 19, 2022, Plaintiff's attorney, Timothy McFarlin, filed a motion to withdraw as counsel for Plaintiff. (ECF No. 18). According to the motion, "[c]ommunications between Plaintiff and Plaintiff's counsel have deteriorated to an irreconcilable break down of the attorney-client relationship." (*Id.* at 3). Defendant filed a statement of non-opposition. (ECF No. 19).

The Court held a hearing on the motion for withdrawal on June 10, 2022. (ECF No. 22). Plaintiff did not attend the hearing or otherwise oppose Mr. McFarlin's motion. On June 13, 2023, the Court granted the motion for withdrawal. (ECF No. 23). The Court also issued an order requiring Plaintiff to show cause why his case should not be dismissed for failure to prosecute. (ECF No. 24).

After Plaintiff did not respond to the Court's order within the required timeframe, the Court issued findings and recommendations that Plaintiff's case be dismissed without prejudice for failure to prosecute and to comply with a court order. (ECF No. 25). On August 8, 2022, the assigned district judge entered an order adopting the findings and recommendation, dismissing Plaintiff's case without prejudice, and terminating the pending motion to dismiss as moot. (ECF No. 26).

## II.     MOTION FOR RELIEF FROM JUDGMENT

### A.     Plaintiff's Motion

On December 15, 2022, Plaintiff filed a motion for relief from judgment. (ECF No. 29). Plaintiff's motion requests relief on the basis that Plaintiff was unable to prosecute his case due to unexpected family responsibilities. For that reason, Plaintiff requests to reinstate his case against Defendant.

2

Plaintiff's motion states that Plaintiff was unaware that his counsel, Mr. McFarlin, made attempts to contact Plaintiff. (*Id.* at 2). Further, "[n]otices sent to 2437 West Wall Court. . .and mailed to 935 East Laurel Avenue. . .were not [Plaintiff's] proper mailing addresses." (*Id.*) Plaintiff states that he was not aware of recent proceedings in his case until December 12, 2022, when he discovered a letter that was addressed to him at 935 East Laurel Ave, which is the foreclosed property at issue in this case. Plaintiff further asserts that on December 9, 2022, he visited Mr. McFarlin's office in Irvine, CA, but the office was empty, locked and there was piled up mail at the door. (*Id.* at 3-4). After Plaintiff's trip to Irvine, Plaintiff states that he checked the mailbox at a different foreclosed property and found a letter from the United States District Court for the Eastern District of California. (*Id.* at 4). According to Plaintiff's motion, Plaintiff never met Mr. McFarlin. (*Id.* at 7). Plaintiff communicated with Mr. McFarlin twice via telephone and also over e-mail. (*Id.*)

### B. Defendant's Opposition

Defendant's opposition argues that Plaintiff's unexpected family responsibilities do not create a "legitimate excuse for not responding to the emails and phone calls from the McFarlin firm." (ECF No. 31, p. 6). Defendant points out that "[P]laintiff had access to mail that was delivered to his address of record in Porterville because he concedes obtaining litigation-related materials on December 12, 2022." (*Id.*) (citing ECF No. 19, p. 3). Defendant contends that Plaintiff had ample opportunity to indicate his intention to prosecute his case between April 2022, when Mr. McFarlin filed the motion to withdraw as counsel, and July 2022, when the Court recommended dismissal based on the failure to prosecute and comply with a court order. (*Id.* at 7). Defendant also argues that Plaintiff's prior voluntarily dismissal of a case asserting the same substantive claims against Defendant as well as Plaintiff's meager opposition to Defendant's motion to dismiss are further reasons why the judgment should remain in place. (*Id.*)

### C. Plaintiff's Reply and Supplemental Declaration

On January 11, 2023, Plaintiff filed a response to Defendant's opposition. (ECF No. 32). Plaintiff's response explains that the family emergency involved making repairs on his sister's house so that it would not be condemned by local authorities. (*See id.*) Plaintiff's response generally argues that his case against Defendant is meritorious. (*Id.* at 2-4). Plaintiff reiterates that

he was not aware of the court proceedings in this case. (*Id.* at 4). On January 27, 2023, Plaintiff filed a supplemental declaration. (ECF No. 33). Plaintiff's supplemental filing provides documentation of Plaintiff's attempts to contact Mr. McFarlin. (*Id.* at 18).

### D. State Bar Disciplinary Proceedings

The Court takes judicial notice of the following disciplinary proceedings initiated by the State Bar of California against Plaintiff's former counsel, Mr. McFarlin: *In re: Timothy George McFarlin*, *State Bar No. 223378*, Case No. SBC-23-O-30024 (California State Bar Court). Fed. R. Evid. 201(b)(2), (c)(1). On January 25, 2023, the State Bar of California filed a notice of disciplinary charges against Mr. McFarlin for nineteen separate counts of violating the Rules of Professional Conduct and the California Business and Professions Code. The disciplinary charges are based on allegations of professional misconduct, including improper withdrawal of employment, by Mr. McFarlin that occurred between June 29, 2022, and November 10, 2022. On March 20, 2023, the State Bar moved for entry of default against Mr. McFarlin.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure provide,

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"[F]or the purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. . .a

4

party's failure to file on time for reasons beyond his or her control is not considered to constitute 'neglect.'" *Pioneer Inv. Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 394 (1993). The Supreme Court has held that:

> [T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395).

## III.   ANALYSIS

Upon consideration, the Court finds that the *Pioneer* factors favor granting Plaintiff's motion. Accordingly, the Court will recommend that Plaintiff's motion to vacate judgment be granted.

As to the first factor, the danger of prejudice to the opposing party, the Court finds that this factor only slightly disfavors relief. Defendant argues that Plaintiff's case lacks merit, however, "such prejudice is insufficient to justify denial of relief under Rule 60(b)(1)." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1224-5 (9th Cir. 2000) (prejudice to party opposing relief is minimal when the only disadvantage is loss of a "quick victory").

As for the length of delay and potential impact on the proceedings, Plaintiff filed the instant motion requesting relief on December 15, 2022, which is four months after judgment was entered. The Court does not find Plaintiff's delay unreasonable. Moreover, because this case was closed relatively early and with a pending motion to dismiss, the impact of the delay on the proceedings is minimal. Thus, the second factor favors granting Plaintiff's relief.

As for Plaintiff's proffered reasons for the delay, the Court accepts the allegation made by Plaintiff that he was not aware of the status of his case until December 2022. *See Laurino v. Syringa General Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (quoting *Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984)) ("On a Rule 60(b) motion, this court will accept the allegations of the movant's factual statement."). Additionally, Plaintiff's allegations that he discovered Mr. McFarlin's office empty in December 2022, and has since been unable to contact Mr. McFarlin to retrieve case documents, suggest that the breakdown in attorney-client communication described

in Mr. McFarlin's motion to withdraw as counsel was not entirely one-sided. Moreover, the Court has taken judicial notice of the fact that Mr. McFarlin is currently subject to disciplinary proceedings by the State Bar arising from allegations of misconduct that occurred between June 2022 and November 2022. Thus, the Court finds that the third factor weighs in favor of relief. *See Laurino*, 279 F.3d at 753 ("[w]hile a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," a plaintiff's "a non-frivolous explanation" for delay favors relief) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 400-01 (9th Cir. 1998)).

Finally, there is no evidence that Plaintiff has acted in bad faith. Indeed, Plaintiff's efforts to provide the Court with extensive background as to his circumstances indicate that Plaintiff's request to proceed in this case is made in good faith. Accordingly, the Court finds that the relevant factors favor relief from judgment.

Therefore, the Court will recommend that Plaintiff's motion to vacate judgment be granted, and that the order dismissing Plaintiff's case for failure to prosecute and comply with a court order be vacated.

The Court further recommends that Defendant be granted leave to refile any motion to dismiss this case within thirty days of the District Judge's order regarding Plaintiff's motion for relief from judgment, and that Plaintiff be granted thirty days to oppose such a motion either through counsel or *pro se*.[3]

## IV.   PLAINTIFF'S REQUESTS FOR MISCELLANEOUS RELIEF

Plaintiff also requests a "complete hard copy and digital copy of [Plaintiff's] case load" including all pleadings and information submitted to the Court and extended time to retain new counsel. (ECF No. 29, p. 10; ECF No. 33, p. 5). In conjunction with these findings and recommendations, the Court will issue an order directing the Clerk of Court to serve Plaintiff a copy of the Notice of Removal (ECF No. 1), which includes Plaintiff's complaint filed in state court, as well as an up-to-date copy of the docket report. If Plaintiff wishes to retrieve copies of other documents and pleadings filed in this case, he must do so through PACER (Public Access to Court Electronic Records, **https://pacer.uscourts.gov/**). Copies of this order and future orders

---

[3] If Plaintiff cannot meet a deadline, then he may request a reasonable extension that may be granted upon a showing of good cause.

will be served on Plaintiff at the address provided. Plaintiff is advised that he is responsible for updating his address, and that the Court will only send notice to one address. It is also Plaintiff's responsibility to be informed of and follow all deadlines set by the Court. As discussed, Plaintiff may file a motion for an extension of a deadline.

Plaintiff also requests the Court to direct McFarlin LLP to provide Plaintiff with copies of his billing and payment information. (ECF No. 29, p. 10). Plaintiff states that he has also requested a complete copy of his case file from McFarlin LLP. (ECF No. 32, p. 4). The California Rules of Professional Conduct provide that "[u]pon the termination of a representation for any reason. . . the lawyer promptly shall release to the client, at the request of the client, all client materials and property." Cal. Rules of Prof. Conduct 1.16(e)(1). This "includes correspondence, pleadings, deposition transcripts, experts' reports and other writing, exhibits, and physical evidence, whether in tangible, electronic or other firm, and other items reasonably necessary to the client's representation, whether the client has paid for them or not." *Id.* To the extent that McFarlin LLP is in control or possession of Plaintiff's case file, including billing correspondence, Plaintiff has a right to those documents. Accordingly, the Court will issue a separate order to Mr. McFarlin regarding the production of these documents to Plaintiff.

**IV.     RECOMMENDATION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that the Clerk of Court

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to vacate judgment (ECF No. 29) be GRANTED, and the order dismissing this case (ECF No. 26) be VACATED;
2. Defendant be granted leave to refile any motion to dismiss this case within thirty days of a final order on Plaintiff's motion for relief from judgment, and that Plaintiff be granted thirty days to oppose such a motion either through counsel or *pro se*.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within

fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Further, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for miscellaneous relief be GRANTED in part; and
2. The Clerk of Court is directed to serve a copy of the Notice of Removal (ECF No. 1), including attached exhibits, as well as a copy of the current docket report, to Plaintiff at the following address: Robert Lawrence, 330 A. Street, Bakersfield, CA 93304.

IT IS SO ORDERED.

Dated:  **March 30, 2023**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE