UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAWRENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 1:21-cv-01224-JLT-EPG<br><br>ORDER DENYING MOTION TO VACATE JUDGMENT<br><br>(Doc. 37). |

    This case, which concerns mortgages encumbering real property owned by Plaintiff, has had a tortured procedural history. The original complaint was filed by Plaintiff's then-counsel Timothy McFarlin in Tulare County Superior Court on February 18, 2021, with an amended complaint following on July 7, 2021. (*See* Doc. 1 at 2.) The action was removed to this Court on August 12, 2021 (Doc. 1.)

    A motion to dismiss was filed on August 19, 2021, (Doc. 5), which became ripe for decision in October 2021. (Docs. 10, 11.) Due to the judicial resource emergency in this district, the matter was effectively stayed until it was reassigned to the undersigned in early 2022. (*See* Docs. 12, 16.) In mid-April 2022, the pending motion to dismiss was referred to the assigned magistrate judge. (Doc. 20.) Shortly thereafter, Mr. McFarlin moved to withdraw as attorney of record for Plaintiff. (Doc. 18.) The magistrate judge set that motion for hearing and specifically ordered that notice of the hearing be served on Plaintiff by mail at his address of record. (Doc. 21.) That notice was not returned to sender,

yet Plaintiff did not appear. (Doc. 22.) The magistrate judge granted the motion to withdraw and simultaneously ordered Plaintiff to show cause why the case should not be dismissed. (Doc. 24.) The Court served the order on Plaintiff, and it was not returned. (*See* Docket.) Thereafter, on July 19, 2022, the magistrate judge recommended that the case be dismissed without prejudice for failure to prosecute. (Doc. 25.) The USPS returned the mailing on July 29, 2022. (*See* Docket.) In part because Plaintiff had failed to communicate with the Court for an extended period, the previously assigned judge adopted the recommendation, dismissed the case, and judgment was entered on August 3, 2022. (Docs. 26, 27.)

Though it is unclear whether the order of dismissal or judgment were served on Plaintiff, Plaintiff obtained notice of the judgment because he filed a motion to vacate it on December 15, 2022, along with a notice of change of address. (Docs. 29, 30.) Defendant opposed the motion. (Doc. 31.) Plaintiff filed a reply along with a declaration that suggested Mr. McFarlin had not handed over the case file to Plaintiff. (Docs. 32, 33.) The magistrate judge entered an order directing Mr. McFarlin to do so. (Doc. 34.) Simultaneously, the magistrate judge issued findings and recommendations, recommending that the motion to vacate be granted. (Doc. 35.) However, when those findings and recommendations were served on Plaintiff, they were once again returned to sender as undeliverable. (*See* Docket.) The Court thereafter waited 63 days[1] to allow Plaintiff to change his address, but Plaintiff filed nothing. (*Id*.) On June 23, 2023, the Court entered an order dismissing the case for failure to prosecute. (Doc. 36.)

On October 2, 2023, Plaintiff filed yet another request to re-open this case. (Doc. 37.) In this filing, among other things, Plaintiff still appears to believe that Mr. McFarlin may have some obligation to prosecute this case. (*See* Doc. 37 at 6 ("My feeling is that [Mr. McFarlin] would not fail

---

[1] Local Rule 183(b) provides:

> Address Changes. A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

to prosecute my case and at the same time ignore the court[']s order to release copies of my important documents . . . .").) This is untenable considering the Court's prior orders, including the order granting the motion to withdraw (Doc. 23), which was served on Plaintiff and not returned to sender. The order allowing withdrawal specifically indicated that Mr. McFarlin was "relieved as counsel" and that Plaintiff would be proceeding pro se. (*Id*. at 3.) As a result, Plaintiff's continued attempts to blame his own failure to prosecute on his former lawyer are not credible. In addition, Plaintiff offers no explanation of why he waited until October 4, 2023 to again move to re-open this case given that his prior motion to re-open was denied more than 90 days earlier, on June 23, 2023, served on him by mail, and not returned to sender. (Doc. 36.) His pattern of conduct evidences a continued failure to prosecute. Given this, the Court finds no basis in the record to set aside the judgment and cannot justify expending further scarce judicial resources on this matter. Accordingly, the motion to reopen (Doc. 37) is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 10, 2023**

UNITED STATES DISTRICT JUDGE